UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| BARNARD L. WILLIAMS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 2:20-cv-00003-JPH-MJD |
| TERRE HAUTE P.D., et al. | ) ) ) |
| Defendants. | ) |

**Order Screening and Dismissing Complaint, and
Directing Plaintiff to File an Amended Complaint**

Plaintiff Barnard Williams is an inmate incarcerated in the Vigo County Jail in Terre Haute, Indiana. Mr. Williams filed this action pursuant to 42 U.S.C. § 1983, alleging that the defendants have maliciously prosecuted him, have used excessive force against him, and have placed him in poor jail conditions.

**I. Screening Standard**

Because Mr. Williams is a prisoner, his complaint is subject to the screening requirements of 28 U.S.C. § 1915A(b). This statute directs that the Court shall dismiss a complaint or any claim within a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts, and his statement need only "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*,

355 U.S. 41, 47 (1957)). However, a complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

The Court construes *pro se* pleadings liberally and holds *pro se* pleadings to less stringent standards than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

## II. The Complaint

Mr. Williams names three defendants: (1) the Terre Haute Police Department, (2) the Vigo County Jail, and (3) the Vigo County Prosecutor's Office. Mr. Williams seeks damages and injunctive relief.

Mr. Williams alleges that various actors in Vigo County have mistreated him due to his acquittal in a 2017 rape case.

He alleges that the Vigo County Prosecutor's Office has forced him to register as a sex offender despite his acquittal and have been maliciously prosecuting him for unnamed offenses. He believes they are racially profiling him, defaming his character, and intentionally causing the community to fear him.

He alleges that the police have arrested him without cause on several occasions, using excessive force every time. During the last incident, he was tased eight times and suffered a neck injury. He believes they have racially profiled him.

Mr. Williams alleges that he is subjected to poor conditions in the Vigo County Jail, stating, "I'm in a jail that's mold infested from food, showers and even the floor I've been sleeping on because of jail overcrowding." Dkt. 1 at 3.

### III. Discussion

First, Mr. Williams' claims against the Vigo County Prosecutor's office are barred because prosecutors have absolute immunity from suit. "Prosecutors are absolutely immune for actions they undertake in their capacities as prosecutors, even including malicious prosecution unsupported by probable cause." *Archer v. Chisholm*, 870 F.3d 603, 612 (7th Cir. 2017). Furthermore, the office of prosecutor is a creation of the Indiana Constitution, *see* Ind. Const. art. 7, § 16, and state statutes govern the prosecutor's duties and powers. *Key v. Indiana Univ. Health Bloomington Hosp.*, No. 1:14-CV-1007-JMS-TAB, 2015 WL 1268172, at *6 (S.D. Ind. Mar. 19, 2015). Thus, the prosecutor's office is not a "person" subject to suit under § 1983, and it is also immune from suit in federal court under the Eleventh Amendment. *See Sebesta v. Davis*, 878 F.3d 226, 231 (7th Cir. 2017). Therefore, the claims against the prosecutor's office are **dismissed for failure to state a claim upon which relief can be granted.**

The claims against the Vigo County Police Department are **dismissed** because the police department is not a suable entity. *Sow v. Fortville Police Dept.*, 636 F.3d 293, 300 (7th Cir. 2011). Mr. Williams' complaint states a viable claim for excessive force and wrongful arrest under the Fourth Amendment, but he must name the individual police officers involved in his arrests as the defendants.

Similarly, the claims against the Vigo County Jail are **dismissed** because the jail is a non-suable entity. *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012) ("[T]he district court was correct that, in listing the Knox County Jail as the sole defendant, Smith named a non-suable

entity."). Jail conditions can violate the constitution "when (1) there is a deprivation that is, from an objective standpoint, sufficiently serious that it results in the denial of the minimal civilized measure of life's necessities, and (2) where [jail] officials are deliberately indifferent to this state of affairs." *Estate of Simpson v. Gorbett,* 863 F.3d 740, 745 (7th Cir. 2017) (internal quotation omitted). But Mr. Williams must name the individuals responsible for the poor jail conditions.

Mr. Williams' complaint as presented is **dismissed for failure to state a claim upon which relief can be granted.**

### IV. Opportunity to Amend Complaint

The dismissal of the complaint will not lead to the dismissal of the action at present. Instead, Mr. Williams shall have through **April 13, 2020**, in which to file an amended complaint.

An amended complaint should in essence tell the Court who did what when. In filing an amended complaint, Mr. Williams shall conform to the following guidelines: (a) the amended complaint shall comply with the requirement of Rule 8(a)(2) of the Federal Rules of Civil Procedure that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . . ;" (b) the amended complaint must include a demand for the relief sought; (c) the amended complaint must identify what legal injury he claims to have suffered and what persons are responsible for each legal injury; and (d) the amended complaint must include the case number referenced in the caption of this Entry, 2:20-cv-00003-JPH-MJD.

Further, the amended complaint must have the words "Amended Complaint" on the first page. Mr. Williams shall also specify whether he is in Vigo County Jail as a pretrial detainee or a convicted offender.

Finally, Mr. Williams should note that "[u]nrelated claims against different defendants belong in different suits." *Owens v. Godinez*, 860 F.3d 434, 436 (7th Cir. 2017) (quoting *George*

*v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007)). A prisoner may join defendants in the same action only if the claims against each one "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences ...." Fed. R. Civ. P. 20(a)(2)(A). If Mr. Williams wants to bring unrelated claims against multiple defendants—excessive force against one and poor jail conditions against another, for example—he must raise them in separate complaints and separate cases. Each case will be subject to the filing fee and screening requirement of 28 U.S.C. § 1915A.

If an amended complaint is filed as directed above, it will be screened. If no amended complaint is filed, this action will be dismissed for the reasons set forth above without further notice.

## V. Other Pending Motions

Mr. Williams' motion for the Court's assistance with filing his trust account, dkt. [8], is **denied as moot** because the Court granted his motion to proceed *in forma pauperis*.

The Court **grants** Mr. Williams' motion for the Court's assistance, dkt. [12], which the Court construes as a motion for clarification. Mr. Williams asks whether his case is placed on hold until he pays the $350 filing fee. It is not. Proceeding *in forma pauperis* means the plaintiff's case can move forward *despite* his inability to pay the filing fee when the lawsuit begins. But the plaintiff still owes the Court the filing fee, and 28 U.S.C. § 1915 establishes how the fee is collected:

> (b)(1) Notwithstanding subsection (a), if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of--
>
> (A) the average monthly deposits to the prisoner's account; or
>
> (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

5

(2) After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b).

Mr. Williams also asks when and whether he will have a hearing in this case. There are no hearings set at this time. If Mr. Williams amends his complaint with viable claims, the Court will screen his case, issue process to the defendants, and—once the defendants answer—will issue a scheduling order that will explain how the case will proceed.

### VI. Conclusion

Mr. Williams' complaint is **dismissed** for failure to state a claim upon which relief can be granted. He shall file an amended complaint no later than **April 13, 2020**.

Mr. Williams' motion for the Court's assistance with filing his trust account, dkt. [8], is **denied as moot**, and his motion for Court assistance, dkt. [12], is **granted**.

**SO ORDERED.**

Date: 3/12/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

BARNARD L. WILLIAMS
33747
VIGO COUNTY JAIL
201 Cherry Street
Terre Haute, IN 47807